# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 <br> No. 2:12-mn-00001 |
| DAVID DEEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MI WINDOWS AND DOORS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. 2:12-cv-02269-DCN <br><br> **ORDER** |

This matter is before the court on a partial motion to dismiss brought by defendant MI Windows and Doors, Inc. (MIWD). For the reasons stated below, the court dismisses without prejudice Counts I, II, V, VI, VII, and VIII of the complaint. The court denies MIWD's motion to strike plaintiff's request for equitable tolling of the statute of limitations.

## I. BACKGROUND

On February 2, 2012, plaintiff David Deem filed a class action complaint against MIWD in the United States District Court for the Eastern District of Michigan, alleging jurisdiction based on diversity of citizenship. The complaint brings the following eight claims: (1) violation of the Michigan Consumer Protection Act; (2) negligence; (3) breach of implied warranty of merchantability; (4) breach of implied warranty of fitness for a particular purpose; (5) fraudulent misrepresentation; (6) fraudulent concealment; (7) unjust enrichment; and (8) declaratory relief.

1

Deem alleges that MIWD designed, manufactured, marketed, and sold certain windows – from its 3500, 4300, and 8500 series – that contained defective seals. He claims that the defective seal allows water to seep both into the windows themselves and into the interior of the homes in which the windows are installed. Deem asserts that the defective windows have caused damage to both the windows themselves and to "other property within the home." Compl. ¶ 18.

## II. STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In the Sixth Circuit, "a legal conclusion couched as a factual allegation need not be accepted as true on a

motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1448 (2010) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)). For diversity cases that are transferred in an MDL, "the law of the transferor district follows the case to the transferee district." Manual for Complex Litigation Fourth § 20.132. Therefore, this court must apply Michigan substantive law and federal procedural law.

### III. DISCUSSION

MIWD seeks dismissal of Counts I, II, V, VI, VII, and VIII of Deem's complaint. At the hearing on September 18, 2012, Deem's counsel agreed that Counts VI and VII should be dismissed without prejudice. Hr'g Tr. 13:20-25, Sept. 18, 2012, ECF No. 29. Because the parties agree that Counts VI and VII should be dismissed, the court dismisses these claims without prejudice.

**A. Count I – Violation of the Michigan Consumer Protection Act (the Consumer Protection Act)**

MIWD argues that Count I must be dismissed because Deem has not properly alleged that any class members received deceptive communications from MIWD, and because Deem has not transacted any business with MIWD. MIWD also contends that Rule 9(b) requires that Deem allege when, how, where, and by whom the deceptive communications were made. Finally, MIWD argues that Count I must be dismissed because recovery for Deem's losses is barred by Michigan's economic loss rule. Deem, on the other hand, argues that he has properly alleged reliance on MIWD's fraudulent

3

statements, that his pleadings are subject only to more liberal pleading standards required by Rule 8, and that the economic loss rule does not apply because he has alleged damage to "other property."

### 1. The allegations in Count I do not meet the pleading standards outlined by either Rule 9(b) or Rule 8.

Federal Rule of Civil Procedure 9(b) requires plaintiffs to state "with particularity the circumstances constituting fraud." "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." Republic Bank & Trust Co. v. Bear Stearns & Co., 683 F.3d 239, 247 (6th Cir. 2012). When a Consumer Protection Act claim is based on fraud or mistake, the complaint must include the level of specificity required by Rule 9(b). In re Packaged Ice Antitrust Litig., 779 F. Supp. 2d 642, 666 (E.D. Mich. 2011). However, when the Consumer Protection Act claim is based on breach of express or implied warranties, the Rule 9(b) particularity standard need not be met. Id.

In his Consumer Protection Act claim, Deem alleges that MIWD both engaged in fraudulent behavior and breached its warranties. Insofar as this claim is subject to the particularity requirements set out in Rule 9, Deem's Consumer Protection Act claim fails. Deem states that MIWD "represented to Plaintiff . . . that the Windows had characteristics, uses, and benefits that they did not have, specifically, that the Windows were dependable, high quality products, free of defects," and that "MIWD "intentionally concealed from Plaintiff and the Class that its Windows were defective." Compl. ¶¶ 29.b., 29.g. These allegations do not identify the time or place of any misrepresentations on which plaintiff relied, and do not identify the speaker who made these representations.

Deem's Consumer Protection Act claim also fails to the extent that he pleads that MIWD breached its warranties to consumers. Deem alleges that "Defendants failed to provide the benefits set forth in its warranty for its Windows by failing to respond to customer complaints and/or failing to honor its warranties," and that "Plaintiff and the Class were damaged as a proximate result of Defendant's numerous violations" of the Consumer Protection Act. Id. ¶¶ 29.e, 30. While this portion of his claim is subject to the liberal pleadings standards outlined in Rule 8, it is nevertheless insufficiently pled. These allegations are a recitation of the elements of such a claim, which the court need not accept as true. Deem has not adequately pled facts that support his Consumer Protection Act allegations.

### 2. The complaint does not show that Deem relied on MIWD's representations.

The Consumer Protection Act prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Zine v. Chrysler Corp., 600 N.W.2d 384, 396 (Mich. Ct. App. 1999). The provisions of the Consumer Protection Act are construed with reference to the common-law tort of fraud. In re OnStar Contract Litig., 278 F.R.D. 352, 376 (E.D. Mich. 2011); Mayhall v. A.H. Pond Co., 341 N.W.2d 268, 270 (Mich. Ct. App. 1983). To state a claim of fraud under the Consumer Protection Act, a plaintiff must establish: "1) that the defendant made a material misrepresentation that was false; 2) the defendant knowingly made the false representation with the intent that the plaintiff would act upon it; 3) that the plaintiff acted in reliance upon it; and 4) resulting damages." OnStar, 278 F.R.D. at 376. A "material representation" (or misrepresentation) is one that relates to a material or important fact. Zine, 600 N.W.2d at 398. A "material fact" is one "that is important to the transaction or affects the

consumer's decision to enter into the transaction." Id. A "transaction" is business conducted the between the parties. OnStar, 278 F.R.D. at 376.

In his complaint, Deem does not allege any business conducted between class members and MIWD. Indeed, Deem appears to admit that neither he nor any other class members purchased the windows from MIWD. See Compl. ¶ 20 ("Plaintiff and Class Members have not received the value *for which their builders bargained* when they purchased the Windows.") (emphasis added). Because Deem has failed to allege that any transaction occurred, he cannot establish that MIWD made a material misrepresentation to him. Without establishing that necessary element of a fraud claim, there can be no Consumer Protection Act violation.

### 3. Deem's recovery may barred by the economic loss rule.

Michigan's economic loss doctrine bars consumers from tort recovery against manufacturers of defective products when the only losses are damages to the defective product itself. Murphy v. Proctor & Gamble Co., 695 F. Supp. 2d 600, 605-06 (E.D. Mich. 2010) (citing Neibarger v. Universal Coops., Inc., 486 N.W.2d 612, 615 (Mich. 1992)). The Sixth Circuit has noted that "tort claims for damage to other property are barred by the economic loss doctrine if those losses are direct and consequential losses that were within the contemplation of the parties and that, therefore, could have been the subject of negotiations between the parties." Detroit Edison Co. v. NABCO, Inc., 35 F.3d 236, 241 (6th Cir. 1994) (damages caused to a power plant's walls and equipment when a defective pipe exploded were economic losses because the parties could have contemplated such an accident); see also Frankenmuth Mut. Ins. Co. v. Ace Hardware Corp., 899 F. Supp. 348, 351-52 (W.D. Mich. 1995).

While Deem's complaint does allege damage to "other property" within his home, the only damage specified is damage to the windows themselves. See, e.g., Compl. ¶ 8 ("These Windows suffered a loss of seal, began to exhibit mineral deposits and mold, causing a breakdown in the structural integrity of the Windows . . . causing damage to other property within the home."). Without knowing what property was damaged by the allegedly defective windows, the court cannot determine whether Deem's losses are barred by Michigan's broad interpretation of the economic loss doctrine.[1]

For these reasons, the court dismisses Count I without prejudice.[2]

**B. Count II – Negligence**

MIWD argues that Deem's negligence claim should be dismissed because it is barred under the economic loss doctrine. Deem argues that he has sufficiently alleged damage to "other property" such that his negligence claim should not be dismissed.

Under Michigan law, a negligence claim cannot be sustained solely on the basis of economic loss. Knight v. Horace Mann Ins. Co., No. 08-10405, 2010 WL 1257332, at *2 (E.D. Mich. Mar. 30, 2010) (relying on Henry v. Dow Chem. Co., 701 N.W.2d 684,

---

[1] The pleadings in Deem's complaint differ from the pleadings in at least two other cases in this multi-district litigation. For example, in Walsh v. MI Windows & Doors, Inc., No. 12-cv-02238, the plaintiff's amended complaint alleges damage to "other personal property." In Meifert v. MI Windows & Doors, Inc., No. 12-cv-01256, plaintiffs' amended complaint also alleges damage to "other personal property." While these allegations are by no means highly detailed, they sufficiently notify MIWD as to the specific category of loss allegedly suffered by the plaintiffs. The amended complaints in Walsh and Meifert state plausible claims for relief because the damage to "personal property" alleged is not specifically barred by the economic loss rule. In contrast, Deem's allegation that damage has been done to "other property" is simply too vague to notify MIWD as to the kind of damages Deem has suffered

[2] Deem also argues that the economic loss rule does not apply in this case because there was no privity of contract between the parties. This argument fails in light of Michigan law to the contrary. The Michigan Court of Appeals has "expressly rejected the argument that the economic loss doctrine does not apply in the absence of privity of contract." Knight v. Horace Mann Ins. Co., No. 08-10405, 2010 WL 1257332, at *2 (E.D. Mich. Mar. 30, 2010) (internal quotation marks omitted); see also Murphy, 695 F. Supp. 2d at 602 (stating that the economic loss doctrine does not require direct privity between the consumer and the manufacturer).

690 (Mich. 2005) (to sustain a claim for negligence, a plaintiff must show "a present physical injury to person or property in addition to economic losses that result from that injury")).

As discussed in detail above, Deem has not properly alleged damages that are not subject to the economic loss doctrine. As a result, Count II will be dismissed without prejudice.

### C. Count V– Fraudulent Misrepresentation

MIWD argues that Deem's fraudulent misrepresentation claim should be dismissed because it does not meet Rule 9(b)'s pleading requirements, because Deem has failed to adequately plead the elements of fraud, and because this claim is barred under the economic loss rule. Deem responds that he has properly pled that he relied on MIWD's fraudulent statements and actions, even though he is "not the direct purchaser of Defendant's product." Pls.' Opp'n to Mot. to Dismiss 9.

As previously noted, a plaintiff claiming fraud or misrepresentation must establish: "1) that the defendant made a material misrepresentation that was false; 2) the defendant knowingly made the false representation with the intent that the plaintiff would act upon it; 3) that the plaintiff acted in reliance upon it; and 4) resulting damages." Onstar, 278 F.R.D. at 376 (citing Baker v. Arbor Drugs, Inc., 544 N.W.2d 727, 732 (Mich. Ct. App. 1996)). To be properly pled, fraud claims must comport with the requirements of Rule 9(b).

Deem fails to adequately plead the elements of fraudulent misrepresentation, and so also fails to meet Rule 9(b)'s pleading standards. The complaint does not identify the time, place, or content of any fraudulent behavior on MIWD's part. The complaint makes the conclusory allegation that "in reliance on [MIWD's fraudulent]

8

representations, the Plaintiff's and Class members' properties were built using MIWD's Windows . . . the Class members' properties thereby sustaining damage and injury." Compl. ¶ 66. This allegation does not indicate that either Deem or the other class members ever purchased anything from MIWD, or relied on MIWD's representations. Deem's fraudulent misrepresentation claim is also inadequate because it fails to plead damage to "other property" not subject to the economic loss doctrine. For these reasons, the court grants MIWD's motion to dismiss Count V and dismisses this claim without prejudice.

### D. Count VIII – Declaratory Relief

MIWD argues that Deem's claim for declaratory relief cannot stand because there is no basis for providing such relief, and because the relief Deem seeks can be addressed through substantive tort or contract law claims. Deem responds that his request for declaratory relief is proper.

The Declaratory Judgment Act states,

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C.A. § 2201(a). The Declaratory Judgment Act is intended to help parties resolve legal disputes before either party can seek or has sought a coercive remedy through the courts. 10B Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 2751 (3d ed. 1998).

Deem has styled his request for declaratory relief as a separate count of the complaint. He asks the court to declare that MIWD's windows are defective and that certain provisions of MIWD's warranty are void as unconscionable. Compl. ¶ 90(a)-(b).

9

Deem also asks the court to grant several forms of relief, including ordering MIWD to reassess all prior warranty claims and pay the full cost of repairs and damages. Id. ¶ 90(f).

Declaratory relief would be inappropriate at this stage, as the merits of Deem's substantive claims have not been adjudicated. See, e.g., Ennis v. Wells Fargo Bank, N.A., No. 10-751, 2011 WL 118669, at *8 (W.D. Mich. Mar. 25, 2011) (dismissing a declaratory relief count based on the same facts as substantive claims that were dismissed as legally defective); Jirjis v. Wahovia, No. 10-11728, 2011 WL 87247, at *3 (E.D. Mich. Jan. 11, 2011) (same); Monster Daddy LLC v. Monster Cable Prods., Inc., 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2011) (dismissing three declaratory relief counterclaims because they "raise the same legal issues that are already before the court"). As a result, Count VIII is dismissed without prejudice.

**E. Estoppel from Pleading and Tolling of Applicable Statutes of Limitation**

Finally, MIWD also asks the court to strike Deem's request for equitable tolling of the statute of limitations. "Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Equitable tolling "is justified 'in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Devillers v. Auto Club Ins. Ass'n, 702 N.W.2d 539, 560 (Mich. 2005) (quoting Irwin, 498 U.S. at 96). The court will not apply equitable tolling in cases involving "garden variety claim[s] of excusable neglect," in which the plaintiff has not exercised due diligence in preserving his legal rights. Id.

The court finds it unnecessary to strike the allegations regarding equitable tolling from the complaint, since much of the complaint will be dismissed without prejudice. At this time, the court denies MIWD's request to strike.

### IV.   CONCLUSION

Based on the foregoing, the court **GRANTS** defendant's partial motion to dismiss; **DISMISSES** Counts I, II, V, VI, VII, and VIII **WITHOUT PREJUDICE**; and **DENIES** defendant's motion to strike. Plaintiff shall have leave to re-file an amended complaint within 14 days of the filing of this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 18, 2012**
**Charleston, South Carolina**