# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 No. 2:12-mn-00001 |
| DAVID DEEM, Plaintiff, vs. MI WINDOWS AND DOORS, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 2:12-cv-02269-DCN **ORDER** |

    This matter is before the court on plaintiff David Deem's motion to amend his complaint and on defendant MI Windows and Doors, Inc.'s (MIWD) motion for judgment on the pleadings. For the reasons that follow, the court grants in part and denies in part Deem's motion to amend. Because the motion to amend has been granted in part, the court denies MIWD's motion for judgment on the pleadings as moot.

## I.  BACKGROUND

    On February 2, 2012, plaintiff David Deem filed a class action complaint against MI Windows and Doors, Inc. (MIWD) in the United States District Court for the Eastern District of Michigan, alleging jurisdiction based on diversity of citizenship. The Judicial Panel on Multidistrict Litigation transferred Deem's case to the undersigned on August 3, 2012, consolidating the Michigan action with other actions brought in the federal district courts of several other states. This court dismissed six counts of Deem's complaint on October 18, 2012, leaving only claims for breach of implied warranty of merchantability

1

and breach of implied warranty of fitness for a particular purpose. In its order granting MIWD's partial motion to dismiss, the court stated that "Plaintiff shall have leave to re-file an amended complaint within 14 days of the filing of this order." Deem failed to amend his complaint by the November 1, 2012 deadline.

On January 17, 2013, MIWD moved for judgment on the remaining breach of implied warranty claims on the ground that those claims are time-barred. Deem opposed the motion for judgment on the pleadings and the matter has been fully briefed.

On February 20, 2013, Deem filed a motion for leave to amend his complaint. MIWD opposed Deem's motion on March 11, 2013, and the matter has been fully briefed.

## II. STANDARDS

### A. Deem's Motion to Amend

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its complaint once as a matter of course within 21 days of serving the complaint, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its complaint "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules instruct courts to "freely give leave when justice so requires." Id. "Leave to amend may be denied, however, where the court finds 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Marquette Gen. Hosp. v. Excalibur Med. Imaging, LLC, --- F. App'x ---, 2013 WL 2378562, at *2 (6th Cir. Jun. 3, 2013) (quoting Foman v. Davis, 371 U.S.

178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In the Sixth Circuit, "a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

### B. MIWD's Motion for Judgment on the Pleadings

Rule 12(c) provides, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A 12(c) motion for judgment on the pleadings is reviewed in the same manner as a Rule 12(b)(6) motion to

dismiss.  Fritz, 592 F.3d at 722.  When considering a motion for judgment on the pleadings, the court may consider the pleadings, exhibits attached thereto, documents referred to in the complaint that are central to the plaintiff's claims, and other "materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."[1]  Joseph v. JPMorgan Chase Bank, Nat'l Ass'n, No. 12-cv-12777, 2013 WL 228010, at *2 (E.D. Mich. Jan. 22, 2013) (citing New England Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)).

### III.  DISCUSSION

### A.  Deem's Motion to Amend

Deem's proposed amended complaint seeks to add John and Elizabeth McCubbrey as plaintiffs in this case.  The proposed amended complaint also adds a breach of express warranty claim brought by both Deem and the McCubbreys; adds the McCubbreys to Deem's two existing breach of implied warranty claims; and adds Michigan Consumer Protection Act and negligence claims brought solely by the McCubbreys.

### 1.  Deem's Breach of Express Warranty Claim

Before considering the propriety of adding the McCubbreys and their claims through the instant motion to amend, the court reviews Deem's proposed addition of a breach of express warranty claim.  MIWD argues that this proposed amendment would be futile and that Deem's motion to amend should therefore be denied.  Specifically, MIWD

---

[1] Federal Rule of Evidence 201(b) allows a court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

4

contends that the express warranty claim must fail because: (1) Deem's purchase of his home does not qualify as a sale of goods subject to the Uniform Commercial Code (UCC) and therefore no express warranty applies; (2) even if the UCC does apply to Deem's home purchase, Deem has failed to allege any facts that demonstrate that the express warranty was the basis of the bargain; and (3) Deem's express warranty claim is time-barred.

Without reaching the arguments raised by MIWD, it is clear that Deem's proposed breach of express warranty claim would not withstand a Rule 12(b)(6) motion to dismiss. Deem's proposed amended complaint states that MIWD expressly represented and warranted that the windows were "appropriate for their intended use and were free from defects;" that the windows conformed to all applicable building codes and standards; and that "its warranties extended to the initial homeowner whose home contains the windows." Am. Compl. ¶¶ 29-31. MIWD's alleged statements, if they were made, would certainly fall within the definition of an express warranty. Deem, however, is not the initial owner of his home. Id. at ¶ 8 ("Plaintiff Deem is not the original purchaser of the house on Dunston Road."). As a result, MIWD's express warranty could not possibly apply to Deem.

Deem's motion to amend his complaint must be denied with respect to his proposed breach of express warranty claim.

### 2. Adding the McCubbreys as Parties

The court next considers whether the McCubbreys can be added to Deem's complaint through the present motion to amend. At the June 4, 2013 status conference, MIWD asserted that Deem's attempt to add the McCubbreys through a Rule 15 motion to

amend was improper, and that the McCubbreys can only be added to this case by filing a Rule 24 motion to intervene.

It is true that the "procedure by which an outsider with an interest in a lawsuit may come in as a party" is intervention, 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1901, governed by Rule 24 of the Federal Rules of Civil Procedure. However, a number of courts have held that a plaintiff wishing to add other parties to a case may do so by amending his or her complaint pursuant to Rule 15. In re Genetically Modified Rice Litig., No. 06-md-1811, 2010 WL 3522301, at *1-2 (E.D. Mo. Sept. 10, 2010) (allowing MDL plaintiffs to add several hundred plaintiffs through amendment of the complaint and stating that "courts regularly allow parties to add or drop parties by amending a complaint under Rule 15"); Johnson v. Allstate Ins. Co., No. 07-cv-0781, 2010 WL 1325272, at *2 (S.D. Ill. Mar. 29, 2010) (noting that it is "particularly appropriate" to add new plaintiffs to a multidistrict litigation case through a Rule 15 motion to amend because the new plaintiffs are represented by the same counsel as existing plaintiffs and are not adverse to any existing plaintiffs); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1474 (3d ed. 1998) ("[A] party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action.").

While the case law addressing the interactions between Rules 15 and 24 is rather thin, the court finds that the McCubbreys may properly be added to this case through the present motion to amend.[2] Moreover, the court finds that it is proper to add the

---

[2] This situation differs somewhat from that which the court discussed in its May 29, 2013 order in DeBlaker v. MI Windows and Doors, Inc.. In DeBlaker, plaintiffs and "proposed intervenors" filed a "motion for leave to amend the Complaint pursuant to Fed.R.Civ.P. 15(a)(2) in order to intervene Borkouski, Mahmood and Ferguson under Fed.R.Civ.P. 24(b) as substitute

McCubbreys as plaintiffs in this case because they are represented by the same counsel as Deem, their interests are not adverse to Deem's interests, and because, as original owners of their home, the McCubbreys' interests may not be sufficiently represented by Deem, who is a subsequent owner of his home.

The court grants Deem's motion to amend his complaint to include the McCubbreys. Now the court must consider the viability of the proposed amended complaint with respect to the claims that Deem seeks to add.

### 3. The McCubbreys' Breach of Express & Implied Warranty Claims

MIWD's arguments regarding the McCubbreys' breach of express and implied warranty claims are identical to the arguments it made vis-à-vis Deem's breach of express warranty claim. MIWD contends that the McCubbreys' warranty claims must fail because: (1) their home purchase does not qualify as a sale of goods subject to the UCC and therefore no warranties apply; (2) even if the UCC does apply, the McCubbreys have failed to allege any facts that demonstrate that the express warranty was the basis of the bargain; and (3) their warranty claims are time-barred.[3]

---

class representatives in lieu of the Thornes." Mem. in Supp. of Pl.'s Mot. for Leave to Amend Compl. 1, DeBlaker v. MI Windows and Doors, Inc., No. 12-cv-1258, ECF No. 95-1. As the court noted, "Rule 15(a) generally applies when parties seek to join *additional* parties," while the DeBlaker plaintiffs sought to substitute one group of plaintiffs for another. Order at 4, DeBlaker v. MI Windows and Doors, Inc., No. 12-cv-1258, ECF No. 110 (emphasis in original).

Though the circumstances of the instant case differ somewhat from those presented in DeBlaker, the outcome is ultimately the same: the court allows the addition of proposed plaintiffs whose interests are not otherwise adequately represented.

[3] In conjunction with its response, MIWD asks the court to take judicial notice of the warranty deed for the McCubbreys' home, a copy of which is attached to MIWD's brief. The deed was executed on April 25, 2003 and was recorded with the Registry of Deeds for Wayne County, Michigan on June 12, 2003. The deed is a public record and the parties do not appear to dispute its validity. As a result, the court will take judicial notice of the fact that the McCubbreys purchased their home on April 25, 2003.

The McCubbreys' breach of express and implied warranty claims do not contain sufficient factual matter to survive a motion to dismiss. Paragraph 33 of the amended complaint states: "These representations [made by MIWD] became part of the basis of the bargain when Plaintiffs, Plaintiffs' Builders, Class Members and/or Class Members' builders purchased the Windows and/or purchased homes containing the windows." The amended complaint also alleges:

> MIWD entered into contracts with retailers, suppliers and/or contractors to sell its Windows that were to be installed at the Plaintiffs' and the Class Members' properties.
>
> Plaintiffs Deem and McCubbrey, and the Class members, are intended third party beneficiaries of those contracts because it was the clear and manifest intent of MIWD that the contracts were to primarily and directly benefit Plaintiffs and the Class Members.

Am. Compl. ¶¶ 63-64, 70-71.

These allegations may be full of sound and fury, but they signify nothing. The court cannot discern what transaction forms the basis of the McCubbreys' express warranty claim, or what parties or goods were involved in that transaction. The factually unsupported assertion that MIWD's express warranties "became part of the basis of the bargain" would not be enough to withstand the court's scrutiny on a motion to dismiss. Similarly, the balance of the amended complaint provides little clarity with respect to the McCubbreys' implied warranty claims. Conclusory allegations that the McCubbreys are third party beneficiaries of MIWD's window sales agreements are not the sort of pleadings that the court must accept as true.[4]

---

[4] Deem and the McCubbreys appear to base their breach of warranty claims on two very different transactions: (1) MIWD's sale of its windows to unspecified retailers or contractors; and (2) the McCubbreys' purchase of their home. See Am. Compl. ¶ 33. The court has not yet determined whether the UCC applies to the transaction or transactions that form the basis of plaintiffs' warranty claims, in part because it is unclear what transactions are at issue.

Because the McCubbreys' breach of warranty claims would not survive a 12(b)(6) motion to dismiss, their addition here would be futile. For this reason, the court denies Deem's motion to amend with respect to the McCubbreys' breach of express warranty claim.

### 4. The McCubbreys' Michigan Consumer Protection Act Claim

The McCubbreys' Michigan Consumer Protection Act (MCPA) claim is remarkably similar to the MCPA claim that the court dismissed from Deem's original complaint. It is not surprising, then, that the McCubbreys' MCPA claim fails for the same reasons that were fatal to Deem's MCPA claim.

The McCubbreys' MCPA claim is based on MIWD's alleged breaches of its warranties, see Am. Compl. ¶¶ 46.a, 46.c-d, 47, as well as on MIWD's alleged deceptive practices. Am. Compl. ¶¶46.b ("Defendant failed to reveal . . . material facts . . . causing Plaintiffs and the Class to be misled and deceived . . . ."). As with Deem's MCPA claim, the McCubbreys' claim fails to meet either the liberal pleading standard outlined in Rule 8 of the Federal Rules of Civil Procedure or the heightened pleading standard required by Rule 9(b) for circumstances constituting fraud. Specifically, the McCubbreys'

---

Assuming for the moment that the UCC does apply, an "action to recover for breach of warranty . . . must be commenced within four years of tender of delivery of the goods, regardless of the time of discovery of the breach." Neibarger v. Universal Coops., Inc., 486 N.W.2d 612, 615 (Mich. 1992); Mich. Comp. Laws § 440.2725 (1)-(2) (2013). If the seller's express warranty covers a certain number of years, however, "the cause of action accrues when the plaintiff 'discovered or should have discovered that the [product] was defective, so long as the defect arose within the warranty period.'" Alongi, 2013 WL 718755, at *7 (quoting Standard Alliance Indus., Inc. v. Black Clawson Co., 587 F.2d 813, 821 (6th Cir. 1978)).

Plaintiffs have not attached a copy of any applicable MIWD warranty to their amended complaint. They have neither alleged that MIWD's warranties covered a particular time period nor the date on which they discovered the alleged defects in their windows. Given that the McCubbreys purchased their home more than ten years ago, and that Deem purchased his home more than fifteen years ago, their breach of warranty claims may very well be time-barred by the applicable statute of limitations.

allegations do not identify the time or place of any misrepresentations on which they relied, and do not identify the speaker who made these representations. Their allegations are a mere recitation of the elements of an MCPA claim, and are devoid of factual support. As the court explained at length in the order dismissing Deem's original complaint, it need not accept as true "a legal conclusion couched as a factual allegation." Fritz, 592 F.3d at 722; see also Order Granting Partial Mot. to Dismiss, Oct. 18, 2012, ECF No. 35.

Because the McCubbreys' MCPA claim would not survive a Rule 12(b)(6) motion to dismiss, its addition here would be futile. Deem's motion to amend is denied with respect to the McCubbreys' MCPA claim.

### 5. The McCubbreys' Negligence Claim

MIWD argues that the McCubbreys' negligence claim must fail because it is barred by the economic loss doctrine. The McCubbreys' negligence claim, like their MCPA claim, is almost identical to the negligence claim previously dismissed from the original complaint. However, the McCubbreys' negligence claim differs in one key respect. In the amended complaint, the McCubbreys' allege damage to "personal property" within their home. Am. Compl. ¶10. While this allegation is by no means highly detailed, it is sufficient to avoid dismissal on the basis of the economic loss rule.

The motion to amend is granted with respect to the McCubbreys' negligence claim.

### B. MIWD's Motion for Judgment on the Pleadings

Because the court has granted in part Deem's motion to amend, MIWD's motion for judgment on the pleadings is rendered moot. If MIWD wishes to seek judgment on the pleadings, it must file a motion based on the amended complaint that will be filed.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Deem's motion to amend the complaint. Deem is **DIRECTED** to file his amended complaint within 14 days of the date of this order. The court **DENIES AS MOOT** MIWD's motion for judgment on the pleadings.

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

June 24, 2013
Charleston, South Carolina

11